IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CINDY COURT, LLC and PROJECT 2006 PROPERTY, LLC,** | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 3:25-cv-881 |
| **NAVIGATORS SPECIALTY INSURANCE COMPANY,** | § § § | |
| *Defendant.* | § | |

### PLAINTIFFS' SECOND AMENDED PETITION

**COME NOW**, CINDY COURT, LLC, and PROJECT 2006 PROPERTY, LLC, Plaintiffs herein, and file this, their Amended Petition against NAVIGATORS SPECIALTY INSURANCE COMPANY, Defendant herein, and would respectfully show unto the Court the following:

### I. PARTIES AND SERVICE

1.1   Plaintiff, CINDY COURT, LLC (hereinafter, "Plaintiff, Cindy Court"), is a corporation who owns property located in Ellis County, Texas.

1.2   Plaintiff, PROJECT 2006 PROPERTY, LLC (hereinafter, "Plaintiff, Project 2006"), is a corporation who owns property located in Ellis County, Texas.

1.3   Defendant, NAVIGATORS SPECIALTY INSURANCE COMPANY, (hereinafter, "Defendant"), a non-admitted, foreign insurance company conducting business in the State of Texas. Defendant can be served at One Penn Plaza, 50th Floor, New York, NY 10019, its principal place of business or via the New York Department of Financial Services, Superintendent of Insurance located at 25 Beaver Street, 4th Floor, New York, New York 10004.

## II.  JURISDICTION AND VENUE

2.1   Jurisdiction of this matter is proper in that the subject matter and the amount in controversy are within the jurisdictional requirements and there is diversity among the Parties.

**2.2**   Venue is proper in the Northern District of Texas, as the loss occurred which is the subject of this litigation, and allegations related to same occurred within said venue.

## III.   FACTUAL BACKGROUND

3.1   Defendant sold commercial insurance policy number GA22LCMZ09HQTIC (hereinafter, the "Policy") to named insureds CINDY COURT, LLC, and PROJECT 2006 PROPETY, LLC, to insure the property located at 1200 Dofie Lane, Ennis, Ellis County, Texas (hereinafter, the "Property").[1]  The Policy was to be effective from October 26, 2022, to October 26, 2023.[2]

3.2   The subject Policy of insurance states, in pertinent part:

> **COMMERCIAL PROPERTY POLICY DECLARATIONS**
> \*\*\*
> Perils Insured: Risks of Direct Physical Loss or Damage, Non-Named Storm Wind and Hail and Named Storm
>
> Except the following are NOT COVERED:
> - Earthquake
> - Flood
> - Equipment Breakdown
>
> \*\*\*
>
> **CAUSES OF LOSS – SPECIAL FORM**
> \*\*\*
> **A. Covered Causes of Loss**
>    When Special is shown in the Declarations, Covered Causes of

---

[1] *See* Exhibit 1, Policy No. GA22LCMZ09HQTIC attached hereto and incorporated as if fully set forth herein.
[2] *Id.*

> Loss means direct physical loss unless the loss is excluded or limited in this policy.
>
> \*\*\*
>
> **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
>
> \*\*\*
>
> **A. Coverage**
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.[3]

3.3   Upon information and belief, the policy places no exclusion on damages resulting from hail and/or wind.

3.4   On or about March 16, 2023, the Plaintiffs' Property was damaged as a result of wind and/or hail.

3.5   On or about April 12, 2023, Plaintiffs promptly notified Defendant of the loss.

3.6   Defendant accepted the reporting of Plaintiffs' claim and assigned claim number LCM377170 to said claim.

3.7   On April 20, 2023, Defendant, via its independent adjuster, Adrien Cummings, inspected the property and opined that there was no direct physical loss to the subject Property which occurred as a result of hail.

3.8   As such, on May 4, 2023, Defendant denied Plaintiffs' claim stating that there was no direct physical loss to the Property which would allow for coverage under the policy.

3.9   Notwithstanding the aforementioned, during Defendant's investigation of the subject claim Plaintiffs, via its public adjuster, Premier Claims, informed Defendant that they disputed the Defendant's coverage position and believed there to be direct physical damage to the property which would have allowed for coverage under the Policy.

---

[3] *Id.*

3.10     Unfortunately, Defendant was unwilling to change its coverage position.

3.11     Based on the aforementioned, Plaintiffs sent a pre-suit notice and demand to Defendant pursuant to the Texas Business & Commerce Code, commonly referred to as the Texas Deceptive Trade Practices Act (hereinafter, "DTPA"),[4] Chapters 541 and 542A of the Texas Insurance Code,[5] and related provisions of the Texas Administrative Code[6] on or about October 4, 2024. Plaintiffs' pre-suit notice and demand were accompanied by exhibits in support of each of the above stated facts. To date, Defendant continues to refuse to cover the restoration of the Property to its pre-loss condition, as required pursuant to the Policy.

3.12     As a result of Defendant's refusal to change its position regarding Plaintiffs' Claim despite being notified of Plaintiffs' dispute of Defendants coverage position, continued delay, and disinterest in resolving this Claim, and Defendant's refusal to tender benefits due and owed to Plaintiffs, Plaintiffs have suffered damages in excess of $1,000,000.00.

## V.     COUNT ONE: BREACH OF CONTRACT

5.1.     Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

5.2.     This is an action against Defendant for breach of a first party insurance contract, the Policy.[7] Plaintiffs are the named insureds under the Policy and the Policy was in full force and effect as to the Plaintiffs and the Property at all times material to the facts as set forth herein.

5.3.     Plaintiffs have performed all conditions to Defendant's obligation to perform under the Policy, including without limitation, the timely payment of premiums, timely notice of

---

[4] *See* TEX. BUS. & COM. CODE §17.505.

[5] *See* TEX. INS. CODE ANN. §541.154

[6] *See* 28 TEX. ADMIN. CODE §21.1 et. seq.

[7] *See* Exhibit 1.

the Claim, mitigation of the damages to the Property, and temporary repairs to prevent further damage. Defendant has waived any and all other conditions.

    5.4.    The Policy of insurance states, in pertinent part:

> **COMMERCIAL PROPERTY POLICY DECLARATIONS**
> \*\*\*
> Perils Insured: Risks of Direct Physical Loss or Damage, Non-Named Storm Wind and Hail and Named Storm
>
> Except the following are NOT COVERED:
> - Earthquake
> - Flood
> - Equipment Breakdown
>
> \*\*\*
>
> **CAUSES OF LOSS – SPECIAL FORM**
> \*\*\*
> **B. Covered Causes of Loss**
> When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.
> \*\*\*
>
> **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
> \*\*\*
> **B. Coverage**
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.[8]

    5.5.    Defendant's denial of coverage and refusal to pay the full amount of the claim is contrary to the terms of the Policy and Texas law and constitutes a breach of said contract of insurance.

    5.6.    As a direct and proximate result of Defendant's breach of said contract of insurance, Plaintiffs have been damaged by remaining uncompensated for the damages sustained

---

[8] *See* **Exhibit 1.**

to the Property, which is owed under the terms of the Policy, in excess of $1,5000.000.

5.7.  Plaintiffs have been and remain fully prepared to comply with all obligations pursuant to the Policy.

5.8.  As a direct and proximate result of Defendant's refusal to pay Plaintiffs' Claim, Plaintiffs have been required to retain the services of the undersigned attorneys. Plaintiffs are obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.

5.9.  In the event that Plaintiffs prevail in this action, Plaintiffs are entitled to recover reasonable attorneys' fees and costs from Defendant pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.[9]

5.10.  All of the foregoing conduct of Defendant constitutes a breach of contract which has resulted in damages to Plaintiffs in excess of $1,000,000.00.

## VI.  WAIVER AND ESTOPPEL

6.1.  Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

6.2.  Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VII.  DISCOVERY RULE

7.1.  Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

7.2.  Plaintiffs maintain that their causes of action as set forth herein are brought within

---

[9] TEX. CIV. PRAC. & REM. CODE §38.001.

the applicable Statute of Limitations as Defendant's breach of contract, breach of duty of good faith and fair dealing, and violations of the Texas Business and Commerce Code and Texas Insurance Code were not discovered by Plaintiffs <u>until Defendant completed its initial estimate on June 9, 2020.</u>

7.3. However, in the alternative, and in an abundance of caution, Plaintiffs pleads application of the discovery rule, because Plaintiffs have no capacity to discover Defendant's breach of contract, breach of duty of good faith and fair dealing, and violations of the Texas Business and Commerce Code and Texas Insurance Code, even in the exercise of diligence, until same manifested by virtue of Defendant's initial coverage position letter in this action.

## VIII.   CONDITIONS PRECEDENT

8.1. All conditions precedent to Plaintiffs' recovery have been performed, have occurred, have been waived, or are excused.

## IX.   NOTICE OF INTENT TO USE DISCOVERY

9.1. Plaintiffs give notice of their intent to use documents and other tangible items produced in discovery against the party or parties producing same in all pretrial matters and trial of this Lawsuit. Such documents and items are self-authenticated pursuant to Local Rule CV-26.

## X.   ECONOMIC AND ACTUAL DAMAGES

10.1. Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

10.2. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the costs to repair Plaintiffs' Property and any investigative and engineering fees incurred therein. Plaintiffs are entitled to recover their out-of-pocket damages, costs of mitigation, lost time, loss of use, and expectancy

damages. Plaintiffs are further entitled to recover the amount of their claim plus prejudgment interest, post-judgment interest and attorneys' fees. All the damages described herein are within the jurisdictional limits of the Court.[10]

## XI.     ATTORNEY FEES

11.1.   Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

11.2.   Plaintiffs have retained The Law Offices of Fredrick W. Nessler & Associates, PLLC, to represent them due to Defendant's actions. Plaintiffs are entitled to recover reasonable and necessary attorneys' fees and costs incurred, including all charges and costs of court, as well as all such fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: 28 U.S. Code § 2412 - Costs and fees; Rule 54(d) of the Federal Rules of Civil Procedure; Chapter 38 of the Texas Civil Practices and Remedies Code[11]; and common law.[12]

## XIII.   DEMAND FOR JURY TRIAL

Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

## XII.    PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, CINDY COURT, LLC, and PROJECT 2006 PROPERTY, LLC, respectfully pray that, Defendant, NAVIGATORS

---

[10] *See* TEX. BUS. & COM. CODE §17.50(b)(1); TEX. BUS. & COM. CODE §17.50(b)(4); TEX. BUS. & COM. CODE §17.50(h); TEX. INS. CODE §541.152(a)(1); TEX. INS. CODE §541.152(a)(3); TEX. INS. CODE §541.152(b); TEX. INS. CODE §542.060(a) and TEX. INS. CODE §542.060(c).

[11] TEX. CIV. PRAC. & REM. CODE §38.001.

[12] *Nationwide Mut. Ins. v. Holmes*, 842 S.W.2d 335,341 (Tex. App.—San Antonio 1992, writ denied); *Baja Energy Inc. v. Ball*, 669 S.W.2d 836, 838-39 (Tex. App.—Eastland 1984, no writ*); Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex.1974) (recognizing that attorney fees can be awarded under equity).

SPECIALTY INSURANCE COMPANY, be cited to appear and answer herein and upon a final hearing of the cause, judgment be entered for Plaintiffs and against Defendant as follows:

    a)    Economic, Actual, and Consequential damages suffered, as requested herein;

    b)    Additional Damages as requested herein;

    c)    Prejudgment and postjudgment interest at the maximum rate allowed by law as requested herein;

    d)    Reasonable and necessary attorneys' fees, and costs of court, including additional contingent amounts in the event of an appellate proceeding as requested herein; and

    e)    Such other and further relief to which Plaintiffs may be entitled at law or in equity, whether pled or unpled.

Dated: May 8, 2025.                                  Respectfully Submitted,

                                            *s/ Damian S. Sullivent*
                                            Damian S. Sullivent, Esq.
                                            Texas Bar. No.: 24139403
                                            FREDERICK W. NESSLER & ASSOCIATES
                                            1600 West Bay Drive
                                            Largo, Florida 33770
                                            Phone: 727-333-7093
                                            Fax: 727-333-7166
                                            Primary Email: dsullivent@nesslerlaw
                                            Secondary Email: smullins@nesslerlaw.com
                                            ATTORNEY FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CINDY COURT, LLC and PROJECT 2006 PROPERTY, LLC,** *Plaintiffs,* | § § § § | |
| v. | § § | Civil Action No. 3:25-cv-881 |
| **NAVIGATORS SPECIALTY INSURANCE COMPANY,** *Defendant.* | § § § § | |

## CERTIFICATE OF SERVICE

I certify that on May 8, 2025, a true and exact copy of **Plaintiffs' Second Amended Petition** was electronically served on all attorneys of record through the Court's CM/ECF/EFT filing system. I further certify that a true and exact copy of the foregoing was served on counsel of record via e-mail as follows:

Christine Kirchner, Esquire
Chris M. Lemons, Esquire
Jared T. Douthit, Esquire
c.kirchner@chamberlainlaw.com
chris.lemons@chamberlainlaw.com
jared.douthit@chamberlainlaw.com
*Counsel for Defendant*

*s/ Damian S. Sullivent*
Damian S. Sullivent, Esq.
Texas Bar. No.: 24139403
FREDERICK W. NESSLER & ASSOCIATES
1600 West Bay Drive
Largo, Florida 33770
Phone: 727-333-7093
Fax: 727-333-7166
Primary Email: dsullivent@nesslerlaw
Secondary Email: smullins@nesslerlaw.com
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT**